"/s/   E. F. Mueller
"/s/   Webb Mading"

Mae COE, Appellant,

v.

John M. KOLTZ et al., Appellees.

No. 15225.

Court of Civil Appeals of Texas.

Dallas.

March 8, 1957.

Rehearing Denied April 5, 1957.

Dee Brown Walker, Dallas, for appellant.

Callaway, Reed, Kidwell & Brooks, O. D. Montgomery, Strasburger, Price, Kelton, Miller & Martin, and J. J. Kilgariff, Dallas, for appellees.

CRAMER, Justice.

This is a proceeding in statutory form in trespass to try title and for damages resulting from an alleged conspiracy on the part of R. B. Hill et al. to defraud appellant Coe of a house and lot in Dallas by means of a foreclosure of a deed of trust lien. R. B. Hill bought in the property at the trustee's sale and later conveyed it to Koltz. Appellees filed a motion for summary judgment setting out that they were innocent purchasers for value. The trial court sustained the motion and entered the judgment here appealed from. Appellant briefs one point of error, to wit: The trial court erred in sustaining the motion for summary judgment filed by appellees. Appellees countered that (1) the court correctly rendered a summary judgment in favor of appellees for the property in question, in that appellant having breached the covenants of her deed of trust, it was properly foreclosed and such foreclosure vested a good and valid title to the property in Hill; and (2) the undisputed evidence shows that appellees were innocent purchasers of the property in question from R. B. Hill without notice of any right or claim thereto on the part of appellant. A review of the record here discloses that appellant Coe filed her petition against R. B. Hill, John M. Koltz and wife, W. A. McKinley, Mark Anthony,

Occidental Life Ins. Company, City of Dallas, and the Dallas Federal Savings & Loan Assn. on October 13, 1955, in trespass to try title covering 90 by 157½ feet out of Lot 5, Block 2, Preston Road Estates Addition to the City of Dallas, and for damages, and further alleged that on October 1, 1943, Fred N. Jack et ux. sold the property here involved to Martha Kitchens who was trustee for appellant Coe and her grantor, for $1,750 cash and a $6,000 first lien note, secured by a deed of trust, payable to Occidental Life Ins. Company in installments, and a second lien note for $1,750 which has now been paid; that on March 30, 1953, the holder of the first lien conveyed the balance due thereon to R. B. Hill who thereafter requested the trustee in the deed of trust to sell same because of default under the terms of the note and deed of trust; and that the trustee thereafter posted the notices, sold the property and delivered to R. B. Hill a trustee's deed dated May 5, 1953, which was filed in the County Clerk's Office May 12, 1953. Appellant alleges such trustee's deed is void and should be canceled. In the alternative appellant alleged McKinley, Hill and Occidental Life conspired to deprive her of the value of the property; that McKinley serviced the mortgage and collected from Mae Coe all payments for Occidental Life; that over a nine-year period she made her payments a few days late, that is, between the 15th and 20th of each month; further alleged that appellee Hill lives across the street from the property involved and, pursuant to a scheme, went to McKinley and offered to purchase the balance due on the $6,000 note in order that he could foreclose said property before she, Mae Coe, made her monthly payment; Hill then knowing her custom to pay a few days after the first of the month; that McKinley notified Occidental and that on March 31, 1953, transferred for a sum less than $1,000 said note to Hill; that Hill and McKinley immediately posted the property for a trustee's sale; that the trustee held such sale on May 5, 1953 and thereafter conveyed the property under such sale to Hill

for $900, which McKinley knew was an inadequate and unfair price and that because of such conduct of Occidental, Hill and McKinley the trustee's deed should be set aside, held void, etc. She also tendered the balance due on the note which she alleges McKinley has been holding in his office since 1953. She further alleged in the alternative that McKinley, Hill and Occidental Life willfully, maliciously entered into a conspiracy to deprive her of the property and its value, in that Hill knew it had not been rented for several months and was in bad repair; that he approached McKinley and told him of his plan to purchase the balance on the $6,000 note from Occidental before she, following her custom of being a few days late, made her payments; that McKinley relayed such information to Occidental on March 31, 1953, who later transferred the balance due on the note to Hill. Hill then requested McKinley as trustee to hold the sale and on May 5, held such sale; that the reasonable market value on May 5 of the property was $9,000 and that Hill on March 11, 1954 sold the property to John M. Koltz and wife for $9,000; further alleged she had been compelled to employ attorneys to prosecute the suit, etc., all as a result of the malicious and willful and fraudulent conduct of Hill, McKinley and Occidental and that she should receive exemplary damages of $10,000. She further alleged that in making the purchase Koltz knew of the conduct of Hill, McKinley and Occidental, or by the use of ordinary care could have known thereof; that after Hill et al. purportedly matured all payments they accepted monthly payments and thereby waived their right to mature the balance and are now estopped to claim maturity of the entire amount due as well as when they held the purported sale. Koltz and wife answered by plea of not guilty; that they purchased the full legal title from Hill in good faith and for a valuable consideration without notice of appellant Coe's alleged interest and without knowledge of any alleged conduct, if any, of Hill, McKinley and Occidental; further

alleged adverse possession and good faith for more than one year prior to commencement of the suit and they believe and have good reason to believe they acquired a good and valid title and have possessed the same in good faith and that under and during their possession they paid the taxes, made permanent and valuable improvements, and have increased the value thereof by the sum of $21,000; and sought recovery for such amounts should judgment be rendered for appellant Coe. In the alternative (only if Coe recovers title to the land or any part thereof, or for damages). Appellees John M. Koltz and wife by cross-action complained of their codefendant Hill, alleging that on March 11, 1954, Hill executed his warranty deed to the property involved for a consideration of $9,000 and if a recovery is had as against him (Koltz) that he should recover from Hill et ux. the amount of $9,000.

Occidental and McKinley answered by plea of not guilty, general denial, and pled their loan to J. M. and Martha Kitchens in the sum of $6,000, evidenced by note dated October 1, 1943, secured by a lien on the property involved; that in March 1953 it sold and executed a proper transfer of lien and note to R. B. Hill without recourse on it and properly delivered all papers pertaining thereto to Hill, and since has not claimed any interest in the property or note. Occidental further denied it had any knowledge of the allegations of Mae Coe that Hill offered to purchase the $6,000 note in order to foreclose thereon; denied McKinley notified Occidental of the allegations of Hill, or that it participated in such a plan, if it existed; further specially denied it maliciously, willfully, or fraudulently entered into any kind of conspiracy as alleged by appellant Coe, but that it was acting within its lawful rights when it sold the note and lien and that it did nothing that injured Mae Coe; also that it did not receive any further payment on the note after it sold same to Hill and that it applied such sums to the principal and interest on the note and did not receive any sum in excess of the actual principal and interest due from the time it sold the note to Hill. McKinley alleged, in addition to the above, that when the $6,000 loan was made to Kitchens et vir., Mrs. Kitchens then executed a note and lien for $176.00 payable $5 per month, covering services rendered in connection with obtaining the $6,000 loan, and that his only interest in the transaction or the property was as a broker, and that the $176 note has been paid in full. He denied specifically other allegations of appellant Coe and asserted he immediately returned to her all money orders, etc., sent to him or to C. C. Renfro, Hill's attorney.

Hill answered by not guilty, general denial, and set out the loan by Occidental to J. M. Kitchens et ux., and that he purchased the note and lien from Occidental, received proper transfer thereof, paying therefor the principal and accrued interest then due thereon. He denied any conspiracy with McKinley in such purchase or in the foreclosure thereafter.

The pleadings of the parties, as pleadings, were not sworn to.

Appellee Koltz et ux. in their motion for summary judgment attached affidavit by Mary Lee Koltz, wife of John M. Koltz, with exhibits thereto, which was answered by affidavit of appellant Coe with certain exhibits attached, and the trial court after considering them, in April 1956 entered a partial summary judgment that Mae Coe take nothing as against John M. Koltz and wife Mary Lee Koltz, and thereafter, on motion of Koltz et ux., severed the cause as between Koltz and wife and Coe, and ordered that the partial summary judgment so severed "should become a final judgment as of the date of the rendering of the order."

The affidavit of Mrs. Koltz, omitting formal parts, was: "That she, the said Mary Lee Koltz, is over the age of twenty-one years, is of sound mind and has personal knowledge of every statement herein made and is fully competent to testify

to the matters stated herein. (1) That her husband, John M. Koltz, handled all negotiations with R. B. Hill leading to the purchase and consummation of the sale of the property described in plaintiff's petition, which was acquired by deed dated March 11, 1954; that prior to such purchase she had no information or knowledge from R. B. Hill or from any other source of the matters and things alleged in Paragraphs VI, VII and VIII of plaintiff's original petition to void the trustee's sale of said property to defendant R. B. Hill." Attached to the affidavit was photostatic copy of the deed of trust executed by Martha Kitchens to W. A. McKinley, as trustee, for the benefit of Occidental, which secured the $6,000 note and a trustee's deed executed by the trustee named in the deed of trust to R. B. Hill reciting the conveyance was made based on Hill's $900 bid set out in the deed of trust as being the best and highest bid therefor. Also attached was the warranty deed from Hill to Koltz and wife.

The motion for summary judgment was controverted by appellant Coe with a sworn answer which states: "Plaintiff says that the allegations in her petition are true and correct, and she refers to them in this pleading as though fully incorporated herein for all purposes. That at the time the purported foreclosure of the deed of trust in question was held, neither the plaintiff nor her daughter and trustee, Martha Kitchen_ were in default, all payments on said loan having been made according to the practice which had continued since the note had been made for approximately 9½ years. In his deposition, Mr. John Golden stated that when the note was transferred on the 31st of March, 1953, the loan was in good standing and no payment was due upon the same; however, acknowledgment of the officer who executed the transfer for Occidental Life Insurance Company was taken in April.

"That the defendants, and all of them, fraudulently conspired to deprive this plaintiff out of the value of her property. That the defendants Koltz and wife knew that the defendant Hill took under foreclosure, had full knowledge of the facts, knew that there was a controversy about the title, or by the exercise of reasonable diligence should have known, and they are not purchasers in good faith. Therefore, a fact issue is presented before the Court. Plaintiff attaches hereto marked 'Exhibit A' deed from Martha Kitchen_ to her and assignment marked 'Exhibit B' of all the right of Martha Kitchen_ to this plaintiff and incorporated both instruments in this pleading and affidavit as though fully quoted herein."

Attached to the controverting affidavit is the warranty deed referred to and the assignment by Martha Kitchens to her daughter Mae Coe, appellant, of all claims, etc., which she had or has against McKinley, Occidental, Hill, Koltz and wife, City of Dallas, Mark Anthony, W. A. McKinley Company, Dallas Federal Savings & Loan Association and any other party as a result of the foreclosure of the deed of trust lien involved.

Based on such record the only question raised by appellant's points is whether as a matter of law there were fact issues raised by the evidence.

The affidavits in evidence here are of the parties to this suit; therefore are by interested witnesses. Considering the record as a whole, such affidavits make issues of fact for the trier of the facts on the questions of (1) whether or not the obligation secured by the deed of trust was in default; and (2) whether or not appellees Koltz and wife were innocent purchasers.

The two named questions being controlling of controverted issues of fact for the trier of the facts, the summary judgment must be set aside and the cause remanded to the District Court for a new trial. Ginsberg v. Selbest Dress, Inc., Tex.Civ. App., 238 S.W.2d 621 (n. r. e.).

Reversed and remanded.